UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**In re Ex Parte Application of Fundo de Liquidação Financeira – Fundo de Investimento em Direitos Creditórios Não Padronizado, pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings,**

    **Petitioner,**

Case No.: 8:21-mc-110-VMC-AAS

_____/

## ORDER

Petitioner Fundo de Liquidação Financeira – Fundo de Investimento em Direitos Creditórios Não Padronizado (FLF) moves *ex parte* under 28 U.S.C. § 1782 to obtain from Marriott Ownership Resorts, Inc. discovery related to a pending foreign proceeding. (Doc. 1). FLF's *ex parte* application is **GRANTED**.

### I.    BACKGROUND

FLF is a Brazilian investment fund managed by Jive Asset Gestão de Recursos Ltda. (Jive). (*Id.* at 2). FLF's Brazilian attorney Marcelo Moraes Santiago declares K.G. Serviços e Participações Eireli, Maluf Jabur Alvaro, and Maluf Jabur Paulo (Defendants) jointly and severally owe FLF over 85 million Brazilian Real in debt stemming from contractual agreements executed on September 13, 2019 and January 22, 2020. (Doc. 2-1, ¶ 6–7, 10). Mr. Santiago explains a Brazilian court "ordered the search and seizure of the

1

assets and funds existing at Alvaro's bank and investment accounts" pursuant to a summary collection proceeding initiated by FLF against Defendants in the Central Court of São Paulo on February 1, 2021. (*Id.* at ¶ 15). Mr. Santiago anticipates Marriott has pertinent records relating to Mr. Alvaro and Mr. Paulo's assets that FLF "intends to use… to assist the Brazilian court to identify property, assets and funds existing in Alvaro's bank and investment accounts," as well as information regarding the commingling of assets between Mr. Alvaro and Mr. Paulo. (*Id.* at ¶ 19, 23).

## II. LEGAL STANDARD

28 U.S.C. § 1782 permits courts to order from persons residing within the United States discovery on any nonprivileged matter that is relevant to a party's claim or defense. *See In re O'Keefe*, 660 F. App'x 871, 872–73 (11th Cir. 2016). Section 1782 has four requirements: "(1) the request must be made 'by a foreign or international tribunal,' or by 'any interested person'; (2) the request must seek evidence, whether it be the 'testimony or statement' of a person or the production of 'a document or other thing'; (3) the evidence must be 'for use in a proceeding in a foreign or international tribunal'; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance." *In re Clerici*, 481 F.3d 1324, 1331–32 (11th Cir. 2007).

If these four requirements are met, courts have discretion to authorize discovery. *Id*. at 1332. The Supreme Court outlined four factors to consider: "(1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding,' because 'the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the request is otherwise 'unduly intrusive or burdensome.'" *In re Clerici*, 481 F.3d 1324, 1331–32 (11th Cir. 2007) (*citing Intel Corp. v. Advanced Mic Devices, Inc.*, 542 U.S. 241, 264–65 (2004)).

### III.   ANALYSIS

Accepting as true the information provided in FLF's *ex parte* application, the memorandum of law, and Mr. Santiago's declaration, FLF's *ex parte* application satisfies the four statutory requirements of 28 U.S.C. § 1782. (Doc. 1, 2). First, as "a plaintiff in the Foreign Proceeding," FLF is clearly an "interested person" under § 1782. *In re: Ex Parte Application of Petro Welt Trading Ges.m.b.H for Order to Obtain Discovery for Use in Foreign Proceeding*, Case No: 2:18-mc-5-SPC-CM, 2018 WL 3020205 at *2 (M.D. Fla.

3

June 18, 2018). Second, FLF requests a limited class of documents and communications regarding the financial relationship between Mr. Alvaro, Mr. Paulo, Carla Siggia Gandra Maluf, and Marriott as well as documents or communications involving properties or assets in Lakeland, Florida. (Doc. 1-1). This is permissible evidence under the second factor of § 1782(a). Third, the documents and communications FLF intends to request from Marriott are directly relevant to the summary collection proceeding and are therefore intended for use in a proceeding before a foreign tribunal. 28 U.S.C. § 1782(a). Fourth, because Marriott Ownership Resorts, Inc., is located in Lakeland, Florida, the entity from whom discovery is sought resides and is found within this district. *See In Re: Application of Cordell Dixon and Dennis Blake*, Case 8:15-mc-00138-SDM-E_J, 2015 WL 12856019 at *2 (M.D. Fla. October 22, 2015). Therefore, this court has discretion to grant the proposed discovery.

Also, consideration of the Supreme Court's four factors in *Intel Corp. v. Advanced Mic Devices* persuades this court to grant FLF's application. First, Marriott "is not a party to the litigation in the foreign tribunal, which weighs in favor of granting the application." *Dixon*, 2015 WL 12856019 at *2 (referencing *Intel Corp.,* 542 U.S. at 264). Second, there is no evidence before this court suggesting Brazilian courts would not accept U.S. federal court judicial assistance in this matter, and other courts have granted similar foreign discovery requests in Brazilian proceedings. *See, e.g., Ex parte*

4

*Application of Lea Schwery Abdalla*, 2021 WL 168469 at *5 (S.D. NY. January 19, 2021). Third, there is no evidence before this court suggesting FLF filed this application to circumvent proof-gathering restrictions or other policies by Brazil, and FLF alleges their discovery requests "would not violate any restrictions in Brazil on evidence gathering." (Doc. 2, p. 13). Finally, FLF's proposed subpoena asks for documents and communications related only to land and assets in Lakeland, Florida and the relationships Marriott has with several relevant parties to the foreign litigation. (Doc. 1-1, p. 10–13). FLF's discovery requests are therefore not unduly intrusive or burdensome. The combination of the four *Intel Corp.* factors weighs in favor of granting FLF's *ex parte* application.

## IV.     CONCLUSION

Thus, FLF's *Ex Parte* Application For an Order to Conduct Discovery For Use in Foreign Proceedings (Doc. 1) is **GRANTED**. FLF is authorized to serve on Marriott Ownership Resorts, Inc. the subpoena attached to FLF's application as Exhibit A, along with a copy of this order and the original application. Marriott Ownership Resorts, Inc. is permitted to object or respond to the subpoena consistent with the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida.

**ENTERED** in Tampa, Florida on September 23, 2021.

*[signature: Amanda Arnold Sansone]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge